UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YVONNE BAILEY-LYNCH,

          Plaintiff,

v.                                                                22-CV-472 (JLS)

JCPENNY HAIR SALON, SHANIQUA,
Stylist, KEN, Supervisor,

          Defendants.
_____

## DECISION AND ORDER

*Pro se* Plaintiff Yvonne Baily-Lynch commenced this action on June 17, 2022. Dkt. 1. The Complaint asserted claims for personal injury, race discrimination, and age discrimination based on services Plaintiff allegedly received at a JCPenney salon. *Id.* Plaintiff also moved to proceed *in forma pauperis*. Dkt. 2. The Court granted that motion on February 22, 2023. Dkt. 4.

The Court also screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). *See id.* In particular, the Court dismissed Plaintiff's race discrimination and age discrimination claims with prejudice because they fail to state a claim and lack an arguable basis in law. *Id.* at 3-5. The Court further dismissed Plaintiff's personal injury claim because the claim "is governed by state law and, therefore, does not provide this Court with an independent basis for federal jurisdiction." *Id.* at 5. The Court declined to exercise supplemental jurisdiction. *Id.* But Plaintiff was permitted "to file an amended complaint that

includes allegations sufficient to demonstrate that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332—if such facts exist." *Id.* at 5, 7-8.

On March 24, 2023, Plaintiff timely filed an Amended Complaint. Dkt. 5. As discussed below, the Amended Complaint is devoid of alleged facts indicating that this Court has diversity jurisdiction. As such, the Amended Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). *See Stumpf v. Maywalt*, 605 F. Supp. 3d 511, 516 (W.D.N.Y. 2022) (if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action").

## DISCUSSION

### I. LEGAL STANDARD

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A court shall dismiss the complaint if it determines that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Generally, "the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" *Jordan v. New York*, No. 21-CV-544-LJV, 2021 WL 3292200, at *1 (W.D.N.Y. Aug. 2, 2021) (quoting *Abbas*, 480 F.3d at 639). *See also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("the court should not dismiss [a *pro se* complaint] without

granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated") (internal citation omitted).

Leave to amend, however, may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112. And when "a plaintiff was aware of the deficiencies in [her] complaint when [she] first amended, [she] clearly has no right to a second amendment." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) (internal citation omitted). *See also Jordan v. New York*, 21-CV-544-LJV, 2021 WL 3292200, at *3 (W.D.N.Y. Aug. 2, 2021) (denying second opportunity to amend where *pro se* plaintiff had been afforded a reasonable opportunity to demonstrate a valid claim).

## II. ANALYSIS

The Amended Complaint, like the original Complaint, fails to demonstrate that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under Section 1332, "federal courts have jurisdiction over controversies between 'citizens of different States' or between 'citizens of a State and citizens or subjects of a foreign state,' where 'the matter in controversy exceeds the sum or value of $75,000.'" *Agoliati v. Block 865 Lot 300 LLC*, No. 22-51, 2023 WL 405769, at *1 (2d Cir. Jan. 26, 2023) (quoting 28 U.S.C. § 1332(a)(1), (2)). Diversity jurisdiction "requires complete diversity: no plaintiff and no defendant may be citizens of the same state." *Id.* Thus, diversity "is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). Further, a "corporation shall be deemed to

be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The party asserting diversity jurisdiction also "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).

Here, Plaintiff does not allege an amount in controversy. Nor does she identify the citizenship of any Defendant—she merely alleges that each Defendant's address is in "Buffalo, New York." *See* Dkt. 5 at 2. She therefore fails to establish that this Court has diversity jurisdiction. In the absence of any other basis for federal jurisdiction over Plaintiff's personal injury claim, *see* Dkt. 4 at 5-6, the action must be dismissed. *See Micolo v. Greenpoint Sav. Bank*, No. 17-CV-5991(JS)(AKT), 2018 WL 1730352, at *3 (E.D.N.Y. Apr. 9, 2018) ("Although courts hold *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers, pro se litigants must establish subject matter jurisdiction to avoid dismissal") (internal citations omitted).

## CONCLUSION

For the above reasons, the Amended Complaint (Dkt. 5) is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A without leave to amend. *See Cuoco*, 222 F.3d at 112. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:    November 17, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE